IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KEYNON JOHNSON and**                                                      **PLAINTIFFS**
**XAVIEN JOHNSON**

**V.**                                                                    **NO. 4:16-CV-210-DMB-JMV**

**FREDRICK RICKY BANKS**                                       **DEFENDANT**

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Jane M. Virden and the objections of Fredrick Ricky Banks. Doc. #14; Doc. #15.

## I
## Procedural History

On October 24, 2016, Keynon Johnson and Xavien Johnson[1] filed a § 1983 complaint against Fredrick Ricky Banks. Doc. #1. The complaint, which is signed by both plaintiffs, alleges:

> I Keynon Johnson was place in jail on September 29, 2016. I was having thought of killing myself and others. When I told the jail staff that I need mental health treatment by refuse I get me that treatment. I stayed in jail for four day having thought of hurting myself and other's.
>
> When I was in jail I Xavien Johnson told them that I was depress and that I was hearing voice that told me to kill myself. When I told the to call Life Help the county jail refuse to call the mental health social worker. And I stayed in jail seven day without mental health treatment. Then I call my husband and told him that I was hearing voice that was telling me to kill myself. Then Keynon Johnson called Sheriff Ricky Bank and told him that I was in jail hearing voice that was telling me to kill myself. The county jail refuse to take me to the hospital when I was suffering with depression and hearing voice that told me to kill myself. The jailor's said that they called Sheriff Ricky Banks and told him that I was depress and hearing voice that told me to kill myself.

*Id.* at 3–4. On December 20, 2016, Banks filed a "Motion to Dismiss Claims or in the

---
[1] Keynon and Xavien Johnson will be referred to by their first names for the sake of clarity.

Alternative Motion for a More Definite Statement."[2] Doc. #8. On January 5, 2017, Keynon and Xavien filed a motion to amend seeking to clarify that they are suing Banks in his official capacity as Sheriff of Leflore County, and to add Leflore County as a defendant. Doc. #11.

On January 30, 2017, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation, recommending:

> 1. That Plaintiffs' motion [11] to amend be granted and that the motion be deemed an amended complaint which incorporates the allegations of the original complaint.
>
> 2. That the Clerk be directed to change the docket of this case to reflect that Leflore County has been added as a party-defendant.
>
> 3. That Sheriff Banks's motion to dismiss be granted as to all claims asserted against him in his official capacity by Keynon Johnson, unless within 14 days of entry of an order by the district judge adopting [the] report and recommendations, Keynon files a motion to amend–with a proposed amended complaint attached– which corrects the deficiencies noted [in the report and recommendation]. If Keynon either fails to file a motion to amend or, if after filing such a motion, it is denied by the Court, it is recommended that all of Keynon's claims be dismissed without further order of the Court. If the Court allows Keynon to file an amended complaint, however, it [is] recommended that the Defendant's motion be deemed moot as to the relevant claims.
>
> 4. That Sheriff Banks's motion to dismiss be granted only with respect to any claim asserted by Xavien Johnson based upon a theory of policy or custom against the Sheriff in his official capacity, unless within 14 days of entry of an order by the district judge adopting [the] report and recommendations, Xavien files a motion to amend–with a proposed amended complaint attached–which corrects the deficiencies noted [in the report and recommendation]. If Xavien either fails to file a proper motion to amend or, if after filing such a motion, it is denied by the Court, it is recommended that any policy or custom claim by Xavien against the Sheriff in his official capacity be dismissed without further order of the Court. If the Court allows Xavien to file an amended complaint, however, it [is] recommended that the Defendant's motion be deemed moot as to the relevant claims.
>
> 5. That Sheriff Banks's motion to dismiss be denied with respect to any claim by Xavien Johnson based upon final policymaker conduct; but, that the Sheriff's motion for a more definite statement be granted with regard to this claim and that

---

[2] Banks pointed out that Keynon and Xavien fail to state whether Banks is being sued in his official or individual capacity, or both. Doc. #8 at 1.

> Xavien be ordered to separately file a more definite statement of this claim within 14 days of the date of an order by the district judge adopting [the] report and recommendations. It is recommended that Xavien's statement include the following information:
>
> i. The dates of Xavien's incarceration described in the complaint.
> ii. The injury Xavien suffered.
> iii. The damages Xavien is seeking.
>
> 6. That all claims by Plaintiffs for punitive damages be dismissed with prejudice.

Doc. #14 at 10–12. On February 14, 2017, Banks filed objections to the Report and Recommendation. Doc. #15. Neither plaintiff objected to the Report and Recommendation.

## II
## Standard

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

## III
## Discussion

The Report and Recommendation asserts that "[t]he Fifth Circuit has recognized that 'sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties.' [*Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)]." Doc. #14 at 7 (alteration omitted). It goes on to state:

> [Sheriff Banks'] argument that Plaintiffs have alleged no facts necessary to show the Sheriff has been delegated authority with respect to provision of mental healthcare to Jail detainees is without merit based upon the Sheriff's designation as a final policymaker under Mississippi law. And, Defendant [Banks] has

> presented no authority in support of a conclusion that the Sheriff has *not* been delegated authority with respect to the provision of mental healthcare to Jail detainees.

*Id*. at 9.

In his objections, Banks "concedes that the allegations and law are sufficient to state a claim that he <u>may</u> be the final policymaker, but respectfully suggest[s] that there are situations in which he would not be the final policymaker and respectfully requests that this Court withhold any conclusion on this issue until additional facts are developed in discovery should any claims proceed to discovery." Doc. #15 at 1. In essence, Banks argues that "the Court should adopt the recommended actions/results of the Magistrate Judge but find that Sheriff Bank's [sic] <u>may or may not</u> be the final policymaker for Xavien's mental health treatment depending on additional facts that may be developed."[3] *Id*. at 3.

The sole purpose of a motion to dismiss is to determine whether a plaintiff has alleged enough facts to plausibly state a claim. At this stage of litigation, the Court must accept the allegations as true when determining if a claim has been stated. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589 (2007); *Taylor v. Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015); *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016). This does not mean, however, that because a court finds that a plaintiff has sufficiently stated a claim at the motion to dismiss stage, that a defendant cannot challenge the merits of the claim in a later stage of litigation, such as summary judgment.[4] Thus, Banks may still challenge the allegation that he is the final policymaker with regard to Xavien's claim. As such, the Court overrules Banks'

---

[3] Banks also argues that "[w]hile [the] statement [that sheriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties] is 'good law,' Sheriff Banks should not be deemed, as a matter of law on the allegations of the Complaint and Amended Complaint alone, the final policymaker for all prisoner healthcare decisions made at the Leflore County Adult Detention Center." Doc. #15 at 2.

[4] A lower degree of evidentiary proof is required to support a motion to dismiss than is required with a motion for summary judgment. *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1215 n.6 (N.D. Cal. 2014) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

objections to the Report and Recommendation.

Having further reviewed the remainder of the Report and Recommendation for clear error and found none, the Report and Recommendation will be adopted as the opinion of the Court.

## IV
## Conclusion

For the reasons above:

1. The Report and Recommendation [14] is **ADOPTED** as the order of the Court;

2. The plaintiffs' motion to amend [11] is **GRANTED**. The motion shall be deemed as the amended complaint. Accordingly, the Clerk of the Court shall change the docket to reflect that Leflore County has been added as a party defendant;

3. Banks' motion to dismiss [8] is **GRANTED in Part and DENIED in Part**:

    a. The motion is GRANTED as to Keynon Johnson's claims against Banks in his official capacity, unless within fourteen (14) days of the entry of this order, Keynon files a motion to amend, with a proposed amended complaint attached which corrects the deficiencies noted in the Report and Recommendation. If Keynon either fails to file a motion to amend or, if after filing such a motion, it is denied by the Court, all of Keynon's claims shall be dismissed without further order of the Court. If the Court allows Keynon to file an amended complaint, however, Banks' motion to dismiss will be deemed moot as to the relevant claims.

    b. The motion is GRANTED as to Xavien Johnson's claims based upon a theory of policy or custom against Sheriff Banks in his official capacity, unless within fourteen (14) days of entry of this order, Xavien files a motion to amend, with a proposed amended complaint attached which

corrects the deficiencies noted in the Report and Recommendation. If Xavien either fails to file a proper motion to amend or, if after filing such a motion, it is denied by the Court, any policy or custom claim by Xavien against Sheriff Banks in his official capacity shall be dismissed without further order of the Court. If the Court allows Xavien to file an amended complaint, however, Banks' motion to dismiss will be deemed moot as to the relevant claims.

    c. The motion is DENIED with respect to any claim by Xavien Johnson based upon final policymaker conduct; but, Banks' motion for a more definite statement is **GRANTED** with regard to this claim. Xavien is ordered to separately file a more definite statement of this claim within fourteen (14) days of the entry of this order. Xavien's statement must include: (1) the dates of Xavien's incarceration described in the complaint; (2) the injury Xavien suffered; and (3) the damages Xavien is seeking.

4. All claims by Keynon and Xavien for punitive damages are **DISMISSED** with prejudice.

**SO ORDERED**, this 26th day of September, 2017.

                                        /s/Debra M. Brown  
                                        **UNITED STATES DISTRICT JUDGE**