IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KEYNON JOHNSON and XAVIEN OSHEY**
**BROWN JOHNSON**                                                              **PLAINTIFFS**

**VS.**                                                                 **CIVIL ACTION NO.: 4:16-cv-210-DMB-JMV**

**FREDRICK RICKY BANKS, ET AL.**                                        **DEFENDANTS**

### REPORT AND RECOMMENDAITON

This *in forma pauperis* matter is before the Court on Defendants' motion to dismiss pursuant to Rule 41 of the *Federal Rules of Civil Procedure* and the Court's inherent authority [24]. For the reasons that follow, it is recommended that the motion be granted.

### Background Facts

This case, filed pursuant to 42 U.S.C. § 1983, was initiated by *pro se* Plaintiffs, Keynon Johnson and Xavien Johnson, on October 24, 2016, and process issued for Defendant Fredrick Banks pursuant to an Order [4] dated November 4, 2016. Defendant Banks responded to the Complaint with a motion [8] to dismiss for failure to state a claim or, alternatively, for a more definite statement, and by Order [16] dated September 26, 2017, the District Judge adopted the January 30, 2017 Report and Recommendation [14] that recommended granting in part and denying in part Defendant's motion. The District Judge's Order required, among other things, that within fourteen days of entry of that Order, Plaintiff Keynon Johnson was to file a motion to amend the complaint with respect to his claims or risk having all of his claims dismissed. With respect to Plaintiff Xavien Johnson, however, the District Judge's Order required that within fourteen days he was to file a motion to amend certain claims—or risk having those claims dismissed—*and* file a more definite statement with regard to his claim based on policymaker conduct. However, neither Keynon Johnson nor Xavien Johnson filed an amended complaint or otherwise responded to or complied with the Court's September 26, 2017 Order.

On October 30, 2017, the undersigned entered a Show Cause Order [19] that cited Plaintiffs' failure to respond as directed by the Court. That Order further pointed out that on September 29, 2017, the Clerk of this Court received mail marked "return to sender" that had been sent to Plaintiff Keynon Johnson at the address listed on the docket:



That Order further pointed out that on October 3, 2017, it was noted that a letter that had been sent to Plaintiff Xavien Johnson had also been returned to the Court by the postal service marked "return to sender":



Finally, that Order warned Plaintiffs that failure to timely comply with that Order and/or failure to keep the Court informed of their current address may result in dismissal of the case.

On November 1, 2017, and on November 7, 2017, the Court once again received mail that had been returned as undeliverable to Keynon Johnson and Xavien Johnson, respectively. *See* Dckt. Entries No. 20 and No. 21.

2

RECEIVED
NOV - 1 2017
Jane M. Virden
U. S. Magistrate Judge

Keynon Johnson
310 Avenue
Greenwood

392 NFE 1 .916I0010/30/17
FORWARD TIME EXP RTN TO SEND
JOHNSON KEYNON
PO BOX 10044
GREENWOOD MS 38930-1044
RETURN TO SENDER

Xavien Oshey Brown Johnson
310 Avenue H Rear
Greenwood, MS 38930

RECEIVED
NOV - 7 2017
Jane M. Virden
U. S. Magistrate Judge

392 NFE 1. 916I0011/02/17
FORWARD TIME EXP RTN TO SEND
JOHNSON XAVIEN
PO BOX 10044
GREENWOOD MS 38930-1044
RETURN TO SENDER

**Law and Analysis**

This Court has the authority to dismiss an action for failure to prosecute and for failure to comply with court orders under Rule 41(b) of the *Federal Rules of Civil Procedure* and pursuant to its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 629-30. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.*

In this case, the Plaintiffs failed to take any action to salvage their claims as directed by the Court in its September 26, 2017 Order. Neither did Plaintiffs seek additional time to do so. To make matters worse, Plaintiffs have not kept the Court informed of their current address information. This has made it impossible for the Court to communicate its orders and notices to Plaintiffs. Indeed, the last contact the Court had from Plaintiffs was over a year ago on January 5, 2017. *See* Motion to Amend [11]. Ultimately, the Plaintiffs' dilatoriness and, by all appearances, loss of interest have brought these

proceedings to a halt. No lesser sanction than dismissal will prompt diligent prosecution of this case by Plaintiffs.

## Recommendation

Accordingly, it is recommended that Defendants' motion be granted and that this case be dismissed with prejudice under Rule 41(b) for Plaintiffs' failure to prosecute.

## Procedure for Filing Objections

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 17th day of January, 2018.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

4